NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS MCKENNA, | : |
| Plaintiff, | : Civil Action No. 10-1848 (JAP) |
| v. | : |
| | : **OPINION** |
| BANK OF AMERICA, as successor in interest to WMC Mortgage Corp. and XYZ Corp. 1-5, | : |
| Defendants. | : |

PISANO, District Judge:

Presently before the Court is defendant BAC Home Loans Servicing LP, improperly pled as Bank of America, as successor in interest to WMC Mortgage Corp.'s ("BAC") motion to dismiss plaintiff Dennis McKenna's complaint pursuant to Federal Rules of Civil Procedure 12(b) and 19. Docket Entry No. 5. In his complaint, McKenna seeks monetary damages, as well as rescission or reformation of a contract to purchase real property located in Elk Grove, California. In its motion to dismiss, BAC argues that McKenna's complaint fails to state a claim for which relief can be granted, fails to join all necessary parties, and that venue is improper. For the reasons set forth below, the Court finds that McKenna's complaint fails to state a claim for which relief can be granted. Accordingly, BAC's motion to dismiss is granted.

I. Background[1]

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's Complaint. In addressing Defendant's Motion to Dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint and do not represent this Court's factual findings.

In December 2004, McKenna, currently a citizen of New Jersey, executed a contract to purchase real property located at 9534 Sheldon Road, Elk Grove, California. The purchase contract was finalized in January 2005, and WMC Mortgage Corp. ("WMC") provided McKenna with the funds needed to close on the property on April 15, 2005. McKenna also executed a purchase money mortgage on April 15, 2005, making WMC the primary lien holder on the Elk Grove, California property. Prior to finalizing the purchase money mortgage, WMC obtained an appraisal of the property, at McKenna's expense, to determine the property's fair market value. The appraiser retained by WMC was not properly licensed, and as a result, overstated and misrepresented the property's value. McKenna did not receive a copy of the appraiser's report until July 2009, despite requesting a copy of the appraisal numerous times. BAC acquired WMC's mortgage interest in the property on an unspecified date after the purchase contract had become final.

On or about February 19, 2010, McKenna filed a complaint in the Superior Court of New Jersey, Ocean County, Chancery Division, Docket No. C-37-10, styled *Dennis McKenna v. Bank of America, as successor in interest to WMC Mortgage Corp. and XYZ Corp. 1-5*, alleging that BAC, as successor in interest to WMC, "fraudulently, negligently, and/or maliciously misrepresented the value of the [Elk Grove property]" purchased by McKenna, and violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq*. McKenna is seeking rescission or reformation of the purchase contract, as well as compensatory damages, statutory damages, and punitive damages from BAC. BAC, a citizen of North Carolina, properly removed the action to this Court on April 9, 2010, pursuant to 28 U.S.C. §§ 1441(b) and 1332. Notice of Removal, Docket Entry No. 1.

II.    Standard of Review

Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

Moreover, when a party asserts a common law fraud claim, heightened pleading requirements apply pursuant to Federal Rule of Civil Procedure 9(b). Fed.R.Civ.P. 9(b); *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007). That Rule provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Federal Rule of Civil Procedure 9(b), thereby, requires "a plaintiff alleging fraud [to] state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged.'" *Frederico, supra,* 507 F.3d at 200 (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 223-24 (3d Cir.2004)) (internal editing marks omitted). A plaintiff must meet this standard by pleading "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id*.

III.  Discussion

McKenna's complaint alleges that WMC, and BAC as its successor in interest, fraudulently or negligently misrepresented the value of the property by engaging the services of an appraiser who was not properly licensed under California law. In order to prevail on his common law fraud claim, McKenna must show that all five elements of fraud existed at the time he finalized the land purchase contract he now seeks to rescind or reform. "The five elements of fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Negligent misrepresentation is "[a]n incorrect statement, negligently made and justifiably relied upon, [and] may be the basis for recovery of

4

damages for economic loss or injury sustained as a consequence of that reliance." *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334 (N.J. 1983). "The *actual receipt and consideration* of any misstatement remains central to the case of any plaintiff seeking to prove that he or she was deceived by the misstatement or omission. The element of reliance is the same for fraud and negligent misrepresentation." *Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (N.J. 2000) (emphasis added).

  McKenna has not, and cannot, show that he actually received and considered the appraisal underlying his fraudulent and negligent misrepresentation claims prior purchasing the property. While McKenna's complaint alleges that he relied upon the appraiser's report, the Court finds that McKenna could not have relied upon the appraisal obtained by WMC because he finalized the purchase contract in January 2005, the property was not appraised until March 2005, and he did not receive a copy of the appraisal until July 2009. Compl. at ¶¶ 5, 12, 16; Declaration of William T. Marshall, Jr. ("Marshall Declaration"), Exhibit C (Complete Summary Appraisal Report of the Property Located at 9584 Sheldon Road, Elk Grove, CA).[2] Because the property was not appraised until after the purchase contract was finalized, and McKenna did not receive a copy of the appraisal report until four years after purchasing the property, he cannot show that he reasonably relied upon the appraisal when deciding whether or not to purchase the property. Therefore, the Court finds that McKenna's complaint fails to state a claim for either fraudulent misrepresentation or negligent misrepresentation and will dismiss those claims.

  McKenna also alleges that WMC's "material misrepresentation of the value of the land, as well as additional acts and omissions of [WMC], constitute an unconscionable business

---

[2] On a motion to dismiss, the Court may properly consider documents specifically referenced in the complaint, as well as documents that are part of the public record. *Heightened Indep. & Progress v. Port Auth. of N.Y. & N.J.*, 2008 WL 5427891 (D.N.J. 2008).

practice in violation of the New Jersey Consumer Fraud Act." Compl. at ¶ 6. McKenna does not state which specific provision or provisions of the NJCFA were violated; however, upon reviewing the NJCFA, it appears that McKenna is attempting to state a claim under N.J.S.A. 56:8-2 — "Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice."

"The [NJCFA] [] is aimed basically at unlawful sales and advertising practices designed *to induce consumers to purchase merchandise or real estate*." *Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 270 (N.J. 1978) (emphasis added). N.J.S.A. 56:8-2 states, in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

To state a claim under the NJCFA, a plaintiff must allege that 1) the defendant committed an unlawful act, 2) the plaintiff suffered an ascertainable loss, and 3) there is a causal nexus between the defendant's misconduct and the plaintiff's loss. *Arcand v. Brother Intern. Corp.*, 673 F.Supp.2d 282, 296 (D.N.J. 2009).

McKenna's complaint fails to state a claim for which relief can be granted under N.J.S.A. 56:8-2 because he was not induced to purchase the property by WMC's allegedly wrongful retention of an appraiser who was not properly licensed in California. In order to state a claim for relief under the NJCFA, a plaintiff must show not only that the defendant acted in an unlawful manner and that he suffered damages, he must also show that his loss was caused by the defendant's unlawful conduct. McKenna has not, and cannot, show that WMC's action caused or induced him to buy the property because the purchase contract he now seeks to rescind

or reform was finalized approximately three months before the property was appraised, and because he did not receive a copy of the appraiser's report until July 2009, four years after finalizing the purchase contract.  Therefore, McKenna's claim under the NJCFA is dismissed.

IV.     Conclusion

Defendant's motion to dismiss is granted for the reasons set forth above.  An appropriate Order accompanies this Opinion.

/s/  JOEL A. PISANO
United States District Judge

Dated: July 26, 2010